CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2014 OCT 22 AM 10: 29

DEPUTY CLERK_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ROBBIE W. MCDANIEL, <br> Institutional ID No. 1649236, § § § | | |
| Plaintiff, § | | |
| v. § | | Civil Action No. 1:14-CV-018-BL |
| TEXAS DEPARTMENT OF CRIMINAL, § <br> JUSTICE, *et al.*, § § | | |
| Defendants. § | | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Robbie McDaniel filed a civil rights action against numerous individual and institutional actors. (Doc. 1). On March 3, 2013, the United States District Court entered an order requiring McDaniel to promptly notify the clerk of the court of any change of address. (Doc. 13). Further, Rules 83.13 and 83.14 of the Civil Local Rules of the District Court for the Northern District of Texas require a *pro se* party, like an attorney, to notify the court of any address change. On March 19, 2014, an order was mailed to McDaniel but returned undeliverable, noting that McDaniel had been released from custody without informing the court of a new address. (Docs. 16, 17).

The district judge entered an order reassigning the case to the undersigned magistrate judge on March 31, 2014; however, this order was returned as undeliverable, again noting that McDaniel had been released. (Docs. 18, 19).

On August 4, 2014, this court issued a show cause order to McDaniel, giving him fourteen days to alert the court why his case should not be dismissed for failure to follow court

orders. (Doc. 20). That show cause order was once again returned undeliverable on August 7, 2014. (Doc. 21).

A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir.1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998). A court may undertake such a dismissal *sua sponte*. *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). Further, Federal Rule of Civil Procedure (FRCP) 41(b) provides that the court may dismiss an action "[f]or the failure of the plaintiff to prosecute or comply with . . . any order of the court."

McDaniel has failed to keep the court apprised of his current address. He has also failed to show cause why his complaint should not be dismissed for failure to prosecute. McDaniel's repeated failures to comply with the court's orders, in derogation of established case law and local and federal procedural rules, demonstrates a manifest lack of interest in litigating his claims.

For the foregoing reasons, it is **RECOMMENDED** that the above-captioned cause be **DISMISSED** without prejudice.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 22nd day of October, 2014.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**